UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUBREY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01587-SEB-DLP |
| | ) | |
| SHERATON HOTELS, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION (DKT. 30) ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff *pro se* Aubrey Davis ("Davis") has sued his employer (he calls Defendant "Sheraton Hotels"; Defendant calls itself "Remington Lodging & Hospitality, LLC"; we will call Defendant "the Hotel") for discriminating against him on the basis of his age, race, and sex (Davis is a fifty-six-year-old black man). The Hotel has filed a motion to dismiss Davis's complaint (more precisely, a motion for judgment on the pleadings), and Davis has not responded.

**Background**

Davis's lawsuit was filed on May 15, 2017. Dkt. 1. As required under our Local Rule 8-1, Davis filed it on a form supplied by the Clerk of Court. The complaint was sparse, omitting any useful information about what Davis says happened to him in connection with his employment, but it did include two attachments. The first was a right-to-sue letter from the EEOC giving Davis the right to sue on EEOC charge number 470-2017-00001 ("Charge 00001") within ninety days. The second attachment was

1

EEOC charge number 470-2017-01753 ("Charge 01753"), which shows Davis's signature dated April 27, 2017. In Charge 01753, Davis alleged that the Hotel wrote him up unfairly in retaliation for his filing Charge 00001.

On June 7, 2017, Davis filed an "Addendum" to his complaint. Dkt. 7. The "Addendum" included another two attachments. Both of these attachments appear to be copies of Charge 00001, but the charges are worded differently, and only one of them is signed and dated by Davis. The signed and dated copy of Charge 00001 is dated October 13, 2016. In the signed and dated copy of Charge 00001, Davis alleged that other employees of the Hotel, some younger than he, some white, and some female, have been treated better than he was treated.

The Hotel filed its motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on March 6, 2018. Under our Local Rule 7-1(c), Davis was required to respond to the Hotel's motion within fourteen days. But he did not do so, and still has not, more than one month later.

### **The Hotel's Motion**

As mentioned above, the Hotel asks the Court to dismiss Davis's complaint, which could end his lawsuit. As an alternative to the dismissal of Davis's claims, however, the Hotel asks the Court to order Davis to file an amended complaint. Br. Supp. (Dkt. 30) 3 n.3. We view the Hotel's second request as preferable.

### **What Davis Must Do Now**

Within fourteen days of this order, Davis must file an amended complaint. If he fails to do so, dismissal of the original complaint may be in the offing. Davis's amended complaint should do the following things.

**First,** Davis should disclose under which federal law or laws he seeks to sue the Hotel. Davis does not have to choose just one statute; there is significant overlap between the relevant federal statutes. But it would be helpful nevertheless if he were to identify which law or laws he is relying on. On his complaint form, Davis checked the box next to "42 U.S.C. § 1981," indicating that he seeks to sue the Hotel under that statute.[1] Section 1981 allows Davis to sue his employer for discrimination and retaliation based on race, but *only* based on race. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 402–03 (7th Cir. 2007). As relevant here, Section 1981 has a four-year statute of limitations, 28 U.S.C. § 1658(a); *Campbell v. Forest Pres. Dist.*, 752 F.3d 665, 668 (7th Cir. 2014), and a Section 1981 claim does not have to go through the EEOC before a person is entitled to sue on that claim in court. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 732 (7th Cir. 2004).

By contrast, two other statutes—Title VII and the ADEA—allow Davis to sue his employer, under Title VII,[2] for discrimination and retaliation based on race and sex,

---

[1] "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . . [T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a), (b).

[2] "It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . [or] sex[.]" 42 U.S.C. § 2000e-2(a)(1). And, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–60 (2013), and, under the ADEA,[3] for discrimination and retaliation based on age. *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453 (7th Cir. 2011). In general, Title VII and ADEA claims both have to go through the EEOC's administrative procedures before a person can sue in court, *Reynolds v. Tangherlini*, 737 F.3d 1093, 1098–99 (7th Cir. 2013), and the lawsuit has to be filed within ninety days of receiving a right-to-sue letter from the EEOC. *Id.* at 1099, 1101. (A Title VII lawsuit can also be filed 180 days after submission of an EEOC charge, *id.* at 1099, and an ADEA lawsuit can also be filed with at least 30 days' notice to the EEOC of an intent to file an ADEA claim. *Id.* at 1101.)

Davis's EEOC charges indicate that he seeks to sue the Hotel for violations of the Equal Pay Act as well.[4] That statute does not require any filing with the EEOC before

---

unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.* § 2000e-3(a).

[3] "It shall be unlawful for an employer . . . to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). And, "[i]t shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." *Id.* § 623(d).

[4] "No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . a rate less than the rate at which he pays wages to employees of the opposite sex  . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex[.]" 29 U.S.C. § 206(d)(1).

4

going to court and has a two-year limitations period. *Stansell v. Sherwin-Williams Co.*, 404 F. Supp. 696, 701 (N.D. Ga. 1975).

**Second,** depending on which statutes he chooses to sue under, Davis has to fulfill all of the applicable requirements outlined above. So, for example, Davis's amended complaint against the Hotel for sex or age discrimination under Title VII or the ADEA cannot be based on anything that he did not include in the signed and dated copy of Charge 00001, that is, for anything that has not first been reviewed by the EEOC.

**Third,** under the heading "Facts in Support of Complaint" on the form complaint, Davis should write out the underlying *facts* of his complaint. (In his first complaint, Davis wrote only, "Recordings and witnesses" under that heading.) In other words, Davis's amended complaint should lay out, in plain English, and without worrying about the correct legal jargon, (1) what the Hotel did to him and (2) why he thinks the Hotel's action was due to his race, sex, age, or the fact that he has filed charges with the EEOC.

When talking about (1) what the Hotel did to him, Davis should try to identify as specifically as possible what happened and who did it to him and when it happened. Davis should remember that not everything that makes him unhappy at work is an act of discrimination in violation of federal law. Not even everything *unfair* that happens at work is necessarily a federal offense. "A court is not a super personnel department . . . ." *Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 895 (7th Cir. 2016). Rather, there must be an "adverse employment action," *Atanus v. Perry*, 520 F.3d 662, 675 (7th Cir. 2008), or, in other words, "some sort of 'real harm,'" "some quantitative or qualitative change in the terms or conditions of" Davis's employment that was detrimental to him. *Id.* Being

written up, by itself, will not likely be enough. *See id.* Nor would a simple denial of a request to transfer to the day shift likely be enough, by itself. *See Grube v. Lau Indus., Inc.*, 257 F.3d 723, 728 (7th Cir. 2001).

When talking about (2) above—his explanation for why he thinks what happened to him was discrimination or retaliation—Davis should try to identify other Hotel employees who are like him in as many ways as possible *except* for the way in which he alleges he was discriminated or retaliated against. So, for example, if Davis alleges that he was discriminated against because of his race, he should try to identify middle-aged *white* men who have done their work as well (or as poorly) as Davis has, but were nonetheless treated more favorably or more leniently than he was treated. That will help the Court identify whether Davis was really treated differently because of his *race*, as opposed to another reason.

**Fourth,** in the future, Davis must pay close attention to motions filed by the Hotel (as well as to rulings made by the Court) and respond to them in a timely fashion. Davis was savvy enough to move for a default judgment when he thought the Hotel was not following the rules. *See* Dkt. 10. So Davis must follow the rules himself, both the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Indiana. Though it is well established that a *pro se* plaintiff's pleadings are treated less stringently than pleadings drafted by lawyers, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Davis cannot bury his head in the sand when it becomes useful

for him to do so and hope for the best. *He* has chosen to sue the Hotel. Now he must follow through, appropriately and legally, with that decision, or lose his lawsuit.

**Conclusion**

The Hotel's motion is DENIED to the extent it seeks dismissal of Davis's claims. The Hotel's motion is GRANTED to the extent it seeks an order directing the filing of an amended complaint. Davis is ORDERED to file an amended complaint within FOURTEEN (14) DAYS from the date of this entry.

IT IS SO ORDERED.

Date: 4/10/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUBREY DAVIS
3251 N. Winthrop
Indianapolis, IN 46205

Stephen Cole
REMINGTON HOTELS
stephencole@remingtonhotels.com

Courtney R. White
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
courtney.white@ogletreedeakins.com